UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY OLDENKAMP,

        Plaintiff,                                 Hon. Gordon J. Quist

v.                                                Case No. 1:13-cv-01303-GJQ-PJG

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). On September 24, 2010, plaintiff filed her application for benefits alleging an April 1, 2009, onset of disability. (Page ID 145-51). Her claims were denied on initial review. (Page ID 97-100). On June 25, 2012, she received a hearing before an administrative law judge (ALJ). (Page ID 49-83). On July 19, 2012, the ALJ issued a decision finding that plaintiff was not disabled. (Page ID 35-43). On November 7, 2013, the Appeals Council denied review (Page ID 25-27), and the ALJ's decision became the Commissioner's final decision.

        Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for DIB. She asks the court to overturn the Commissioner's decision on the following grounds: (1) the ALJ's decision failed to evaluate plaintiff's impairments under medical listings 1.04 (disorders of the spine) and 11.03 (nonconvulsive epilepsy) at Step Three of the sequential analysis; and (2) the ALJ's decision failed to give proper weight to her treating physicians' opinions (Plf. Brief at 13, 16, Page ID 713, 716, Dkt. 13).

I conducted oral arguments on January 7, 2015. Having reviewed the record, and having considered the parties' written and oral submissions, I recommend that the Commissioner's decision be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## **Legal Standard**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve

the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, No. 12-3553, slip op. at 11 (6th Cir. Mar. 12, 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying this standard, the Commissioner has developed a five-step sequential analysis. *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis,

> [t]he claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

A claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past work through step four. *Jones v. Commissioner*, 336 F.3d at 474. At step five of the inquiry, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual function capacity (determined at step four) and vocational profile." *Id.*

### The ALJ's Decision

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on April 1, 2009, her alleged onset of disability, and continued to meet the requirements through December 31, 2014. (Page ID 37). Plaintiff had not engaged in substantial gainful activity since April 1, 2009. (Page ID 37). Plaintiff had the following severe impairments: "narcolepsy, degenerative disc disease of the cervical spine and lumbar spine, gastroesophagal reflux disease, and status post high rectocele repair." (Page ID 37). The ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (Page ID 39). He found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (Page ID 40). The ALJ found that plaintiff's testimony regarding the impact of the impairments on her ability to work were "not entirely credible." (Page ID 42). He determined that plaintiff was able to perform her past relevant work, as it did not require the performance of work-related activities precluded by her RFC. (Page ID 43). Accordingly, the ALJ held that plaintiff was not disabled. (Page ID 43).

## **Discussion**

The court need only address plaintiff's argument that the ALJ failed to evaluate plaintiff's impairments under medical listings 1.04 (disorders of the spine) and 11.03 (nonconvulsive epilepsy) at step three of the sequential analysis. A claimant bears the burden of demonstrating that she meets or equals a listed impairment. *Evans v. Sec'y HHS*, 820 F.2d 161, 164 (6th Cir. 1987). A claimant must establish that [her] condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that [her] condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 404.1525(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Sec'y HHS*, 816 F.2d 1078, 1083 (6th Cir. 1987). If a claimant meets her burden, the Commissioner will find her disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 404.1520(d).

In this case, the ALJ's findings were indeed deficient. The ALJ's opinion provides a series of conclusions, with no discussion of supporting evidence:

> No treating or examining source has indicated findings that would satisfy the severity requirements of any listed impairment. In reaching the conclusion that the claimant does not have an impairment or combination of impairments that meet or medically equal a listed impairment, I also considered the opinion of the State Agency medical consultants who evaluated this issue at the initial level of the administrative review process and reached the same conclusion (20 CFR 416.927(f) or/and 404.1527(f) and Social Security Ruling 96-6p). I have specifically considered the claimant's physical impairments under listings 1.04. The claimant's narcolepsy and status post high rectocele repair do not precisely satisfy the diagnostic criteria of any impairment in the Listing of Impairments.

(Page ID 39-40).[1]  As presented, the ALJ's factual findings are supported by no evidence. Moreover, a review of the opinion of the State Agency medical consultants to which the ALJ refers reveals an absence of any reference to, much less analysis of, either of the listings raised by plaintiff. (See Page ID 85-95).

The Sixth Circuit has held that an ALJ commits reversible error by failing to analyze the claimant's physical condition in relation to the Listed Impairment. *Reynolds v. Commissioner*, 424 F. App'x 411, 415-16 (6th Cir. 2011).  In *Reynolds*, the court summarized the manner in which an ALJ should analyze a physical condition under the listed impairments (in that case, as in this one, a musculoskeletal disorder under Section 1.00):  "In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful review.  Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* at 416 (citing *Burnett v. Commissioner*, 220 F.3d 112, 120 (3d Cir. 2000); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1).  While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  "It is more than merely 'helpful' for the ALJ to articulate

---

[1] Effective March 26, 2012, subsection (f) of 20 C.F.R. §§ 404.1527 and 416.927 was redesignated as subsection (e).  *See Alt v. Commissioner*, No. 1:13-cv-794, 2014 WL 5621431, at * 10 (W.D. Mich. Nov. 4, 2014); *Hibbard v. Commissioner*, No. 1:11-cv-599, 2012 WL 3262732, at * 17 n. 3 (S.D. Ohio Aug. 9, 2012).

reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y HHS*, 753 F.2d 517, 519 (6th Cir. 1985).

In this case, plaintiff's counsel explicitly raised two listings for consideration by the ALJ:

> Your Honor, my client suffers from narcolepsy. And we equated that to a listing at 11.03 of epilepsy, although those aren't identical listings. I believe that it's the most analogous listing for that condition. In addition to that it's our position that she equals the listings at 1.04 regarding disorders of the spine. She is status post diskectomy and fusion in her cervical spine, and she also suffers from disk protrusion in her lumbar spine, which are documented in her file.

(Hr'g Tr., Page ID 55). The ALJ's review of Listing 1.04 is so cryptic as to be unreviewable by this Court, and his decision makes no reference to Listing 11.03.[2] This falls well short of the analysis required by *Reynolds*.

---

[2] In *Forrest v. Commissioner*, No. 14-5421, 2014 WL 6185309, at *4-6 (6th Cir. Nov. 17, 2014), the Sixth Circuit held that the analysis required at Step Three is less onerous than that required to establish "good reasons" under 20 C.F.R. § 404.1527(d) for rejecting a treating physician's opinion. The court declined to extend the holding in *Wilson v. Commissioner*, 378 F.3d 541, 544-48 (6th Cir. 2004) ("circumscribed form of harmless error review"), to Step Three. 2014 WL 6185309, at *5. This case more closely resembles *Reynolds* than *Forrest* in that the ALJ "skipped an entire step in the necessary analysis" with regard to listing 11.03, and is more compelling than either Sixth Circuit decision in that here the plaintiff presented arguments that she met or equaled the requirements of specific listed impairments. (Page ID 55). This weighs against any claim that the ALJ's error was harmless. In *Forrest* the Sixth Circuit noted that a factor in finding that the ALJ's error was harmless was that "Forrest did not argue before the ALJ that his impairments met or medically equaled in severity a specific listing." *Forrest*, 2014 WL 6185309, at *4; *see id.* at *5. The claimant has the burden at Step Three. The claimant has a far less compelling claim where she presents no argument that she met or equaled the requirements of specific listings, then argues on appeal, with the benefit of hindsight, that the ALJ's opinion did not include a sufficiently detailed discussion of the most "closely analogous" listed impairments. *See Morris v. Barnhardt*, 223 F. App'x 465, 469 (6th Cir. 2007); *see also* 20 C.F.R. § 404.1526(b). Here, by contrast, the claim of error at Step Three is well preserved and carefully defined by the specific listings that plaintiff identified before, not after, the ALJ entered his decision.

The Commissioner, through her brief and during oral argument, has attempted to rehabilitate the ALJ's decision by pointing to and analyzing the record evidence. The Commissioner's brief contains the type of evaluation (Dkt. 14, Page ID 722-27) that the ALJ should have provided in his decision, and essentially asks the Court to affirm the ALJ's decision based on analysis the ALJ did not perform. In short, the Commissioner seeks to have this Court perform a *de novo* review of the administrative record to determine whether plaintiff meets the requirements of Listings 1.04 and 11.03. It is not the function of this Court, however, to conduct such a review, which requires making credibility determinations and weighing the evidence. *See Bluer v. Commissioner*, No. 1:13-cv-22, 2014 WL 700424, *6 (W.D. Mich. Feb. 24, 2014) (declining to conduct such a review and remanding the case to the Commissioner for analysis of the listing (citing *Brainard v. Sec'y HHS*, 889 F.2d 679, 681 (6th Cir. 1989)); *see also Adkins v. Commissioner*, No. 1:13-cv-848, 2014 WL 4748697, *4 (W.D. Mich. Sept. 24, 2014) (reversing and remanding an ALJ's decision for failing to provide a sufficient analysis of the listings at issue to allow meaningful judicial review).

The Commissioner's reliance on *Bukowski v. Commissioner*, No. 13-cv-12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014), is misplaced. That court noted that the facts before it were "nothing like *Reynolds*," adding that the ALJ in *Bukowski* articulated his findings on the listed impairments at issue, although some of the analysis was in a different section of the ALJ's opinion. *See id.* at *2. In sum, the ALJ's decision in *Bukowski* was affirmed because the court found sufficient Step Three analysis elsewhere in the ALJ's opinion which permitted meaningful judicial review. In the instant case, however, I find no analysis of Listings 1.04 or 11.03 anywhere in the ALJ's opinion, requiring instead, a de novo analysis of the record evidence. Accordingly, like *Reynolds*, *Bluer*, and *Adkins*, remand is necessary.

Plaintiff asks the court to simply order the Commissioner to award DIB and SSI benefits. (Plf. Brief at 18, Page ID 718). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *see also Brooks v. Commissioner*, 531 F. App'x 636, 644-45 (6th Cir. 2013).

Here, I am recommending that the Commissioner's decision be reversed because the ALJ made no attempt to support his factual findings with evidence, not because the record strongly establishes plaintiff's entitlement to benefits. It is uncertain whether plaintiff can meet her burden of establishing equivalency between her impairments and Listings 1.04 and 11.03; that answer can come only after the ALJ completes his analysis of those issues.

## Conclusion

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Respectfully submitted,

Date:  January 12, 2015    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).