UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MARY OLDENKAMP, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-1303 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On February 6, 2015, this Court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the Court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 23). Defendant opposes the motion. (docket # 26). For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $6,243.75.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the

>position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014); *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

    **1.    Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 39.25 hours in attorney time. (docket # 24 at 3, Page ID 762; docket # 24-1, Page ID 765-66). This is at the upper limits of what can be considered reasonable for the work performed.

### 2.     Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.  28 U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor."  *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Plaintiff seeks to recover at an hourly rate of $207.87 for Attorney Thomas Stellard and $154.24 for Attorney Ryan Seale. (docket # 24 at 4, Page ID 763).  Defendant argues that an hourly rate of $125.00 is appropriate.  (docket # 26).  Plaintiff's requested rates are well above the statutory cap.  The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Judge Quist has endorsed a rate of up to $175.00 per hour as a reasonable rate based on the State Bar's Economics of Law Practice in Michigan survey.  *See Shellman v. Commissioner*, No. 1:13-cv-959, 2014 WL 1875107, at * 2 (W.D. Mich. May 8, 2014); *Burton v. Commissioner*, No. 1:12-cv-669, 2013 WL 3283644, at * 2 (W.D. Mich. June 28, 2013).  Plaintiff has not presented any persuasive argument why the Court, in the exercise of its discretion under 28 U.S.C. § 2412(d)(2)(A),[1] should depart any further above the statutory cap than $175 per hour for Attorney Stellard's time.  Attorney Seale has far less experience than Attorney Stellard.  (docket # 24 at 4, ¶¶ 21-22, Page ID 763).  A rate of $125 per hour for Attorney Seale's work is reasonable, particularly in light of his extraordinary expenditure of 11 hours in "Preparation for oral argument." (docket # 24-2, Page ID 766).  A more experienced attorney could have easily prepared for oral

---

[1] *See Braynt v. Commissioner*, 578 F.3d 443, 445 (6th Cir. 2009).

argument in half as much time or less.  Multiplying the 26.75 hours expended by Attorney Stellard and the $175.00 per hour rate results in a total of $4,681.25.  Multiplying the 12.5 hours expended by Attorney Seale and the $125.00 rate results in a total of $1562.50.  The grand total for reasonable attorney's fees is $ 6,243.75.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court enter an order granting plaintiff's motion in part and denying it in part, and that the Court enter a judgment in plaintiff's favor against defendant in the amount of $6,243.75.


Dated:  July 15, 2015          /s/  Phillip J. Green
                                           United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).